IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KANDACE JONES ex rel. her
deceased husband, SEAN T. WARD,

    Plaintiff,

v.                                Civ. No. 21-782 SCY

KILOLO KIJAKAZ,
*Acting Commissioner of Social Security
Administration*,

    Defendant.

## ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion to Proceed in Forma Pauperis with Financial Affidavit Pursuant to 28 U.S.C. § 1915. Doc. 2. The Court grants the motion in part.

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[1] possesses that the person is unable to pay such fees or give security therefor.

"The statute was intended for the benefit of those too poor to pay or give security for costs . . . ." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948) (internal quotation marks omitted). A litigant need not be "absolutely destitute." *Id.* at 339. "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* (internal quotation marks omitted).

---

[1] This single reference to "prisoner" in § 1915(a) has been determined to be a scrivener's error. *Haynes v. Scott*, 116 F.3d 137, 139-40 (5th Cir. 1997). Section 1915(a) applies to non-prisoner suits. *Id.* at 139.

Plaintiff's application states: (i) her total monthly income is $2,407 in wages and disability insurance benefits; and (ii) her monthly expenses total $1,557. In other words, her income exceeds her expenses every month by $850. The Court finds that Plaintiff's financial condition does not prevent her from paying the filing fee itself. The Court does find, however, that the filing fee of $350 would likely impose a hardship to pay up front, and thus will partially GRANT the Motion. This reduces the fee to $350, and the Court will also allow Plaintiff to pay this amount in installments. *See Stack v. Stewart*, 82 F.3d 426 (10th Cir. 1996) ("imposition of partial filing fees is an appropriate exercise of authority"); *Esgar v. Colvin*, No. 14cv1172, 2015 WL 588559, at *2 (W.D. Okla. Feb. 11, 2015) (ordering an initial partial payment and imposing installment payments in non-prisoner case).

Plaintiff must make an initial partial payment of $50, by August 27, 2021, followed by monthly payments of $50 before the 27th of each month until the filing fee has been paid in full. If Plaintiff fails to timely make the initial partial payment or any subsequent payments without filing a motion to modify them, her complaint may be dismissed without further notice.

IT IS ORDERED that Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 2), is GRANTED IN PART;

IT IS FURTHER ORDERED that Plaintiff shall send to the Clerk an initial partial payment of $50 by check, no later than August 27, 2021;

IT IS FURTHER ORDERED that, after payment of the initial partial fee, Plaintiff shall make monthly payments of $50 by check, before the 27th of each month, until the filing fee has been paid in full;

IT IS FINALLY ORDERED that the United States Marshal shall serve a copy of the Summons and Complaint on the United States Attorney, the Attorney General, and the Office of

the General Counsel, in accordance with Fed. R. Civ. P. 4(c)(3).

                                                                                               */s/ Steve Yarbrough*
                                                UNITED STATES MAGISTRATE JUDGE

3